Subscriptions may be made to begin at No. 1 or any subsequent number.

SUBSCRIPTION PRICES and TERMS

Per year (50 issues)............................$15.00
Single Numbers ................................ .50

Address all communications to:

The Law Abstract Co., 309-310 The Arcade

Cleveland, O.

### THE ABSTRACT REPORTING SYSTEM

consists of Epitomized Opinions in Ohio cases from the following courts:

**Federal Courts.**—United States Supreme Court; Circuit Court of Appeals, Sixth District; U. S. District Courts of Ohio, Northern and Southern, covering all the written opinions handed down by the judges.

**State Courts of Ohio.**—The Ohio Supreme Court; the Ohio Court of Appeals, nine Districts; the Nisi

Prius cases of the County Common Pleas and City Municipal Courts, and the Quasi Judicial Opinions of the Attorney General and other Officers and Boards exercising judicial functions.

**Digests**—A Weekly Digest of all opinions in each number; a weekly cumulative Digest of all opinions in the preceding issues of the month; a Monthly Digest of all opinions, each month; a Quarterly Digest of each three months period; and semi-annual and annual issues, constructed and conducted so as to make it easy and sure to quickly find any desired, existing case.

**Prompt and Complete Publication** —All the available opinion in Ohio cases, decided in these courts and handed down in such form that they can be transcribed, will be printed as fast as they can be carefully reported and be prepared for the press, and publicity will follow close after the decrees of the judges.

## COURT OF APPEALS of U. S.

### CINCINNATI

### U. S. COURT of APPEALS, SIXTH CIRCUIT

#### No. 509

**SANDUSKY CEMENT CO. v. HAMILTON & CO**

U. S. Circuit Court of Appeals, 6th Circuit

No. 3741. 287 Fed. 609. Decided March 16 1923

PRACTICE—(1) Improper for court to give supplementary instructions to jury in absence of counsel—(2) Instructions given in absence of counsel not prejudicial in every instance. SALES—(3) Special damages.

DONAHUE, C. J.

#### Epitomized Opinion

This was an action for damages for the non-delivery of coal bought by The Sandusky Cement Co against Hamilton & Co., coal brokers. Under the terms of the contract a stipulated quantity of coal was to be delivered each month or if delivery of such quantity should be impossible by causes beyond the seller's control, then to deliver that proportion of such quantity which the tonnage actually produced and shipped would bear to its total coal contracts The defendant did not own or operate any coal mine and therefore it was necessary for it to enter into a similar contract with the Jamison Coal Company As the defendant did not deliver the entire contract amount during any one month, plaintiff brought an action for damages at the end of the period covered by said contract. The defendant claimed that it was prevented from shipping the capacity of certain mines by car shortage, embargoes and like causes beyond its control and that the plaintiff received its full proportion of coal each month. The defendant in its cross petition averred there was due it from the plaintiff $23,874.50. The plaintiff admitted this indebtedness and the case proceeded to trial on the issue of damages. During the trial the court excluded evidence tending to prove special damages While the jury was deliberating, supplementary instructions were asked for, which were given in writing. The case was tried before Federal Judge Westenhaver and the jury returned a verdict of $6,104.41 as the plaintiff's damages, leaving a net balance due to defendant of $18,128.44. The plaintiff prosecuted error to the United States Circuit Court. Held:

1. The giving of supplementary instructions to a jury after its retirement in the absence of counsel without affording them an opportunity to present or to make timely objection, is not only error, but is a dangerous practice calculated to cause a miscarriage of justice.

2. Where a court improperly gives supplementary instructions to a jury, no prejudicial error is committed where the instructions properly state the law and are not a repetition in substance of other instructions previously given.

3. The sale by the owner of coal mines of a portion of his mines cannot be complained of by a purchaser of coal whose proportion of coal delivered is not affected thereby. Evidence tending to prove special damages by reason of the enforced closing of plaintiff's plant for lack of fuel is incompetent where there is nothing in the contract to indicate that either party had contemplated such a result from non-delivery.

Attorneys—A. C. Dustin and Fred Perkins, for Cement Co.; Wm. Day, for Hamilton & Co.